UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REOPEN SAN DIEGO,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; and DOES 1-50,<br><br>         Defendant. | Case No.: 22-cv-208-GPC-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

# INTRODUCTION

Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 9. Plaintiff opposed the motion, ECF No. 14, and Defendant filed a reply in support of the motion, ECF No. 15. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss.

/ /

/ /

## BACKGROUND

On March 4, 2020, Governor Gavin Newsom declared a state of emergency in response to the emerging COVID-19 pandemic. ECF No. 7, First Amended Complaint ("FAC") ¶ 20. On March 12, 2020, the Mayor of San Diego proclaimed a local emergency related to COVID-19, which was ratified by the City Council on March 17, 2020. *Id.* ¶ 21. On October 18, 2021, the City of San Diego approved a 3-Stage Reopening Plan that considered potential measures such as requiring vaccination for in-person City Council meeting attendees. FAC ¶ 23. On November 29, 2021, the City of San Diego City Council approved Ordinance No. 2022-53, which requires all current and newly hired or appointed City employees, elected officials, members of boards and commissions, and authorized volunteers to be fully vaccinated against COVID-19 as a minimum requirement for employment or service with the city. (Dkt. No. 11, Exhibit B, Ordinance 2022-53, at 35.)

On February 15, 2022, Plaintiff ReOpen San Diego ("Plaintiff") filed a complaint against Defendant City of San Diego and Does, 1-50 ("Defendant") alleging federal and state causes of action. ECF No. 1, Compl. The four federal causes of action allege violations of the Fourth and Fourteenth Amendment on substantive due process and procedural due process grounds, First Amendment freedom of association and expression rights, and the right to equal protection under the Fourteenth Amendment. ECF No. 1, Compl. On April 13, 2022, Plaintiff filed a FAC on behalf of its party members, including five specific named members, bringing the same causes of action alleged in the original complaint. FAC. On April 15, 2022, the Court denied Defendant's motion to dismiss the original complaint as moot. ECF No. 8. Defendant subsequently filed the instant motion to dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted. ECF No. 9.

Plaintiff brings this action challenging the City's Ordinance and Plan, on behalf of members who are citizens of San Diego that it asserts are now "barred from serving their city and fellow citizens as an elected official, a member of a commission or board, or even as a volunteer or intern, if they have chosen not to be vaccinated for COVID-19." FAC ¶ 2. These members include a retired unvaccinated City employee with an interest in volunteering and attending City Council meetings, an unvaccinated current candidate for City Council running in District 2's election, an unvaccinated resident with an interest in attending City Council meetings, an unvaccinated applicant for the City's Arts and Culture Commission, and a 16-year-old unvaccinated prospective Junior Lifeguard intern. FAC ¶¶ 3-7.

## DISCUSSION

I.     **Legal Standard**

    a.     **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides criteria for determining what constitutes a sufficient claim for relief. Such a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide "detailed factual allegations," but she must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court is not required to accept as true "allegations

that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences". *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### b.     Defendant's Burden

While a plaintiff must plead sufficient factual allegations and present a plausible legal theory to *survive* a 12(b)(6) motion to dismiss, in bringing the motion, "it is the defendant's burden to demonstrate that plaintiff has failed to state a claim." *Shay v. Apple Inc.*, 512 F.Supp.3d 1066, 1071 (S.D. Cal. 2021); *see Avalanche Funding, LLC v. Five Dot Cattle Co.*, No. 2:16-cv-02555-TLN-KJN, 2017 WL 6040293, at *3 (E.D. Cal. Dec. 6, 2017) ("In the context of a motion to dismiss, the burden is on the defendant to prove that the plaintiff failed to state a claim."); *see also Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (finding the "defendant bears the burden of showing that no claim has been presented."); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) (finding the "district court erroneously placed the burden on Plaintiffs to demonstrate that they stated a claim for relief" and "[b]ecause . . . Defendants failed to meet their burden of proof, . . . the district court should have dismissed Defendants' motion.").

## II.    Analysis

As discussed, *supra* at 3, Plaintiff's FAC brings multiple federal causes of action against the City of San Diego, alleging the City's Ordinance and Plan violate constitutional rights, including the First, Fourth, and Fourteenth Amendments. Within these categories, Plaintiff alleges the Plan and Ordinance violate: (1) Plaintiff's right to refuse unwanted medical treatment (ECF No. 7 ¶ 43); (2) Plaintiff's right to privacy (*id.* ¶ 54); (3) the right to freedom of association (*id.* ¶ 86); and (4) equal protection under law (*id.* ¶ 106).

To defend the City's Ordinance and Plan against these federal causes of action alleging constitutional violations, Defendant's filed the instant motion to dismiss, the body of which totals fewer than ten pages. *See generally* ECF No. 9, Def.'s Mot. The

motion to dismiss begins by laying out a legal framework to guide the Court's analysis, stating that the Ordinance is subject to a "relaxed standard of review" because "[i]n times of public peril, responses to crisis that limit or suspend constitutional rights" need only "have a real or substantial relation to the crisis" and "must not represent plain, palpable invasions of clearly protected rights." ECF No. 9-1, Def.'s Mot (quoting *Gish v. Newsom*, 2020 WL 1979970, at *5 (C.D. Cal. 2020) (citing *Jacobson v. Commonwealth of Mass.*, 197 U.S. 11, 25, 27) (1905) (internal quotations omitted))). In Defendant's view, this "relaxed scrutiny" legal standard drawn from *Jacobson*, and applied in *Gish* "has been consistently applied by federal courts across the Country when analyzing the constitutional validity of similar emergency directives." ECF No. 9-1, Def.'s Mot., at 4. To support this contention, Defendant provides a long string cite of cases in which courts purportedly "appl[ied] *Jacobson*" to uphold public health measures employed by various states and cities across the country. *See* ECF No. 1 at 4.

As a starting point, the proffered legal standard is drawn from an unpublished district court opinion from April 2020, at the very beginning of the pandemic. *See Gish*, 2020 WL 1979970 (C.D. Cal. 2020). But Defendant fails to acknowledge the subsequent history in that case, or the development of case law in this area since April 2020. In *Gish*, the district court denied Plaintiff's request for a temporary restraining order, relying on *Jacobson*. 2020 WL 1979970, at *4-5. Defendant then points to Chief Justice Roberts' concurrence in *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020), to further assert that "local governments have broad discretion to fashion responses to an epidemic and the federal judiciary plays only a limited role in overseeing those response." ECF No. 9-1 at 4 (citing *S. Bay United Pentecostal*, 140 S. Ct. 1613). But Defendants' assertions misstate the current state of the law as to both *Gish* and *S. Bay United Pentecostal*. First, though Defendant does not indicate this fact in its citation to the case, the language from *S. Bay United Pentecostal* to which Defendant points is from

Chief Justice Roberts' concurring opinion in the May 2020 iteration of the case. After the Supreme Court initially denied the application for injunctive relief, 140 S. Ct. 1613, the Court in 2021 granted in part the application, 141 S. Ct. 716 (2021). Second, and most critically, in *Gish,* the plaintiff subsequently appealed the district court's denial, and the Ninth Circuit remanded the case for further proceedings, 987 F.3d 891 (2021), consistent with the Supreme Court's *second* decision in the series of cases, *S. Bay Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021).

The string cite provided by Defendant does not provide any better footing. The Court first observes that every single case cited is from 2020. For the purpose of analyzing legal issues centered around COVID-19 public health measures, cases from 2020 do not benefit from any of the guidance provided by the case law and doctrine that has developed at every level of the federal courts in the past two years. Further, the only explanatory parenthetical is attached to *Robinson v. Attorney General*, 957 F.3d 1171 (11th Cir. 2020), and simply states "applying *Jacobson*." *See* ECF No. 9-1 at 4. Each subsequent parenthetical states "same" with no further explanation. *Id. Robinson*, a case decided in 2020, was a case about whether abortion providers could continue to provide abortion care, which was constitutionally protected as a fundamental right at the time, when public health directives limited certain surgeries and procedures in order to preserve personal protective equipment at the outset of the pandemic, 957 F.3d at 1174-75. There, the Eleventh Circuit *affirmed* the district court's grant of the preliminary injunction, finding that the fundamental right was unduly burdened by the public health measures adopted by the state. *Id.* at 1182-83. It is not clear how the right at stake, the public health measures employed, or the analysis applied in *Robinson* provide any support whatsoever to Defendant's position on the applicable legal standard.

Most critically, Defendant's description of the legal standard that applies in this case fails to meaningfully engage with any of the development in case law surrounding

1  COVID-19 public health measures, restrictions, or requirements that have developed in
2  the past two years, and how that might affect the way that *Jacobson* does or does not
3  apply in this case, as to Plaintiff's causes of actions in light of subsequent decisions by
4  the Ninth Circuit and the Supreme Court. In particular, because Plaintiff raises a First
5  Amendment challenge to the Ordinance and Plan, Defendant should have explored the
6  question of whether *Jacobson* still applies in the context of free expression and COVID-
7  19 restrictions.

8        In any event, in bringing this motion to dismiss Defendant was required to state the
9  reasons why the FAC must be dismissed. The manner in which they have done so fails to
10 satisfy this burden For example, in response to Plaintiff's Fourth Amendment claims,
11 Defendant cites *no* cases. *See* ECF No. 9-1 at 7. Nor does Defendant even acknowledge
12 Plaintiff's Title VII or equal protection claim beyond a conclusory statement
13 "[i]dentifying as a Republican is not a protected class under Title VII of the Civil Rights
14 Act" without any further exposition. ECF No. 9-1 at 9. Finally, in passing, Defendant
15 alludes to a possible issue with Article III standing by gesturing at "hypothetical
16 circumstances" presented in the FAC," but Defendant again cites no case law nor engages
17 in any analysis addressing this challenge to Plaintiffs' claims. *See id.*

18       Because Defendant has failed to provide the Court with the applicable legal
19 standard, case law, or analysis defending against Plaintiff's FAC, the Court declines to
20 dismiss this action on the current record.

21                         **CONCLUSION**

22       In affirmatively seeking dismissal under Rule 12(b)(6) through filing the instant
23 motion, Defendant here had the burden of demonstrating that Plaintiff's FAC failed to
24 state causes of action upon which relief may be granted. *See Shay*, *supra*, at 4. For the
25 reasons discussed in this Order, Defendant has failed to satisfy this burden. Accordingly,

the Court **DENIES** the motion to dismiss. Defendant shall file its response to the operative complaint on or before **September 7, 2022**.

    **IT IS SO ORDERED.**

Dated: August 16, 2022

Hon. Gonzalo P. Curiel
United States District Judge